PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS D'ITRI, *et al.*, | ) | |
| | ) | CASE NO. 4:16CV0346 |
| Plaintiffs, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| ENCOMPASS INDEMNITY COMPANY | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 7] |

Pending is Plaintiffs' Motion for Remand (ECF No. 7) pursuant to 28 U.S.C. § 1447. The Court has reviewed the record, the parties' briefs and the governing law. For the reasons provided below, the Court grants the Motion.

**I. Factual and Procedural Background**

This action arises from a residential fire that occurred on Plaintiffs' property on January 12, 2015. On November 6, 2015, Defense counsel conducted an examination under oath of Plaintiffs during which Defendant relied on two handwritten inventories of loss contents. ECF No. 11-1. The inventories discussed at the examination under oath totaled $194,143 and greater than $110,000, respectively.

On January 8, 2016, Plaintiffs filed suit in the Columbiana County, Ohio Court of Common Pleas for breach of contract, seeking damages for loss of the structure and contents. Service of the summons and complaint were completed on January 13, 2016. ECF No. 1-1. The Complaint (ECF No. 1-1) does not include a specific monetary claim. It merely stated that the

(4:16CV0346)

claims exceeded $25,000. ECF No. 1-1. On January 27, 2016, Plaintiff forwarded to Defendant an updated, typed, inventory list for the loss content claim which totaled approximately $450,000. ECF No. 9-1. Upon allegedly discovering that the amount-in-controversy requirement was met, Defendant filed a Petition for Removal to the United States District Court for the Northern District of Ohio, on the grounds of diversity jurisdiction[1] on February 15, 2016. ECF No. 1-1. Plaintiffs then filed the within motion to remand, on the grounds that removal by Defendant was untimely. ECF No. 7-1.

## II. Standard of Law

A defendant pursuant to 28 U.S.C. 1441 has the power to remove to a Federal District Court "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction." However, if the plaintiffs motion for remand is timely and the defendant's motion for removal is untimely, then the matter must be remanded. See *Tolloty v. Republic Services, Inc.*, No. 5:11CV1644, 2012 WL 529881, at *3 (N.D. Ohio Feb. 17, 2012). In order for removal to be timely, a petition must be "filed within thirty days after receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of

---

[1] Pursuant to 28 U.S.C.A. § 1332, Federal District Courts shall have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States."

(4:16CV0346)

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b).

Generally, there is a presumption against removal. "[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed." *Estate of Morris v. Mid-Century Ins. Co.*, No. 4:13CV2134, 2014 WL 2803477, at *2 (N.D. Ohio June 19, 2014) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.2000) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))). The Sixth Circuit, relying on the presumption against removal, held that "§ 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. 1991).[2] *Holston* has been applied frequently in the Northern District of Ohio. *See, e.g., Burns v. Prudential Sec., Inc.*, 218 F. Supp.2d 911, 914 (N.D. Ohio 2002); *Parks v. Univ. Hosps. Case Med. Ctr.*, No. 1:10 CV 2746, 2010 WL 5129284, at *4 (N.D. Ohio Dec. 10, 2010). The kinds of information upon which amount-in-controversy may be

---

[2] In *Graiser*, the Sixth Circuit did not follow *Holston* because *Graiser* was a Class Action Fairness Act ("CAFA") case in which the presumption against removal, which bolsters *Holston*, does not exist. *Graiser v. Visionworks of Am., Inc.*, No. 16-3167, 2016 WL 1359048, *5 (6th Cir. Apr. 6, 2016). Rather, removal, when properly executed, is favored in CAFA cases. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. *See* [*Standard Fire Ins. Co. v. Knowles*, 568 U.S. ----, at ----, 133 S.Ct. 1345, 1350 (2013)] ("CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.' " (quoting § 2(b)(2), 119 Stat. 5)); S.Rep. No. 109-14, p. 43 (2005) (CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").)

3

(4:16CV0346)

determined includes sales records and other business documents produced in the regular course of business. See *Geriak v. ARNCO*, No. 1:10CV2856, 2011 WL 1576087, at *4 (N.D. Ohio March 3, 2011), report and recommendation adopted, 2011 WL 1539929 (N.D. Ohio April 22, 2011).

### III. Discussion

Defendant alleges that removal was timely under 28 U.S.C. §1446(b) because the thirty-day window for filing the notice of removal should begin when the damages were explicitly stated on January 27, 2016, rather than upon service. The Court is not persuaded.

As earlier stated, the thirty-day clock runs from the point at which a defendant has solid and unambiguous knowledge that the case is removable, even if that information is solely within its own possession. *Holston*, 1991 WL 112809, at *3. Stated differently, the thirty-day period begins to run when a defendant has unambiguous knowledge that the amount-in-controversy exceeds $75,000.

On November 6, 2015, Defendant and its counsel, examined Plaintiffs under oath and reviewed their hand-written loss inventories which totaled over $300,000. ECF No. 11 at PageID #: 98-99. On January 13, 2016, Plaintiffs filed a Complaint (ECF No. 1-1) that pled both the insurance coverage for loss contents and the prior examination under oath and the information regarding their losses that had been provided to Defendant almost two months earlier. ECF No.1 at PageID #: 4, ¶¶ 5,10. The loss inventories exceed $75,000. Therefore, the thirty-day window for removal began on January 13, 2016 and ended February 12, 2016.

4

(4:16CV0346)

Defendant filed its petition for removal on February 15, 2016. Therefore, the filing is three days late. Because Defendant's petition for removal was untimely, the case must be remanded.

### IV. Conclusion

Upon receipt of the Complaint (ECF No. 1-1), Defendant had solid and unambiguous knowledge that the amount in controversy would be greater than $75,000. Therefore, the thirty-day window for filing a petition for removal opened and closed before Defendant removed this action.

For the foregoing reasons, the Court grants Plaintiffs' Motion for Remand (ECF No. 7).

IT IS SO ORDERED.

 July 1, 2016   /s/ Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge